UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Salvatore Carusone, <br><br> Plaintiff, <br> v. <br><br> Credit Information Bureau; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Salvatore Carusone, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Salvatore Carusone ("Plaintiff"), is an adult individual residing in Westport, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Credit Information Bureau ("CIB"), is a Connecticut business

1

entity with an address of 600 Saw Mill Road, West Haven, Connecticut, 06516, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CIB and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CIB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor") in connection with a utility bill.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CIB for collection, or CIB was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CIB Engages in Harassment and Abusive Tactics

12. The Defendants placed excessive calls to the Plaintiff regarding the seven year old Debt.

13. The Defendants placed over five telephone calls per day to the Plaintiff.

14. The Defendants called the Plaintiff on his cellular phone at before 8:00 A.M.

15. The Defendants spoke to the Plaintiff's mother and threatened to put a lien on her home.

16. The Defendants used rude and abusive language while speaking with the Plaintiff. The Defendants have cursed at the Plaintiff and abusively asked, "don't you know how to do math?"

17. The Defendants threatened to attach the Plaintiff's bank account.

18. The Defendants have never identified the name of the debt collection company during telephone conversations with the Plaintiff.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants

informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

4

highly offensive to a reasonable person."

34. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

35. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls.

36. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

39. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

### VIOLATIONS OF THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT, Conn. Gen. Stat. § 36a-645, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

42. The Defendants are a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

5

43. The Defendants used deceptive means to collect the Debt, in violation of Conn. Gen. Stat. § 36a-806.

44. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

48. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;


4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 29, 2010

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiff